UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

ANTHONY CURCIO,

            Defendant.

24 Cr. 312 (RA)

**DEFENDANT ANTHONY CURCIO'S OPPOSITION TO
THE GOVERNMENT'S VOIR DIRE QUESTIONS,
REQUESTS TO CHARGE, AND VERDICT FORM**

## TABLE OF CONTENTS

**Page**

I.   DEFENDANT ANTHONY CURCIO'S OPPOSITION TO THE GOVERNMENT'S VOIR DIRE QUESTIONS ................................................................................................ 1

II.   DEFENDANT ANTHONY CURCIO'S OPPOSITION TO THE GOVERNMENT'S REQUESTS TO CHARGE ............................................................................ 2

III.   DEFENDANT ANTHONY CURCIO'S OPPOSITION TO THE GOVERNMENT'S VERDICT FORM ................................................................................ 4

**I.  DEFENDANT ANTHONY CURCIO'S OPPOSITION TO THE GOVERNMENT'S VOIR DIRE QUESTIONS**

The Government included the alleged alias belonging to Mr. Curcio in the caption. For avoidance of doubt, Mr. Curcio objects to including any alias in the voir dire questions in any caption, heading, or otherwise.

Should the Court decide in its decision on certain motions *in limine* that evidence of Mr. Curcio's past drug use should be admitted, the defense does not oppose the Government's proposed questions 33–37 provided that the following question is included after question 34: "*Do you believe that the law governing the possession or use of illegal drugs, including cocaine and prescription pills, should be stricter?*"

## II. DEFENDANT ANTHONY CURCIO'S OPPOSITION TO THE GOVERNMENT'S REQUESTS TO CHARGE

Mr. Curcio recognizes that a significant number of the parties' requests to charge overlap. In principle, he does not object where the instructions overlap in form and substance, but he reserves the right to object to any jury instructions up to and including the jury charge conference after the parties have had a chance to weigh the court's ruling on their motions in limine and evidence has been introduced.

The Government included the alleged alias belonging to Mr. Curcio in the caption. For avoidance of doubt, Mr. Curcio objects to including any alias in the jury instructions in any caption, heading, or otherwise.

With respect to the Government Instruction No. 9, Mr. Curcio respectfully submits that the following language should be cut because it is subject to an ongoing dispute regarding the scope of Mr. Curcio's good-faith defense:

> In considering whether or not the defendant acted in good faith, however, you are instructed that a belief by a defendant, if such belief existed, that ultimately everything would work out so that victim would not lose any money, does not necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme would ultimately work out such that the victim would not lose money or property will not excuse fraudulent actions or false representations by him.
>
> \*\*\*
>
> As a result, good faith is no defense when the defendant first made representations in good faith but later, after realizing the representations were false, nevertheless deliberately continued to make them.

Further, with respect to Instruction No. 13, Mr. Curcio respectfully submits that the following language should be removed because it is the subject of a dispute regarding co-conspirator statements and whether such statements should be provisionally admitted:

2

> In determining the factual issues before you, you may take into account any acts done or statements made by any of the alleged co-conspirators during the course of the conspiracy, even though such facts or statements may not have been made in the presence of the defendant or may have been made without his knowledge.

With respect to Instruction No. 16, Mr. Curcio respectfully submits that the following language should be added:

> A defendant may not properly be convicted of aiding and abetting a crime that was completed before his accessorial acts were performed.

*United States v. Reifler*, 446 F.3d 65, 96 (2d Cir. 2006).

Additionally, the following language should be removed because it is superfluous, unnecessary, and may tend to confuse the jury with respect to the intent required to convict on Counts I & II:

> In answering these questions, I instruct you that the person who actually performed the act or acts need not have any criminal purpose or intent. If the defendant willfully caused an act that, had he performed it directly, would make him guilty of the crime charged, then he is guilty of the crime charged just as if the defendant himself had actually committed it.

Mr. Curcio does not have any objection to Instructions Nos. 18–21, and he reserves his objection(s) with respect to Instruction no. 22.

### III. DEFENDANT ANTHONY CURCIO'S OPPOSITION TO THE GOVERNMENT'S VERDICT FORM

The Government included Mr. Curcio's alleged alias in the caption. For avoidance of doubt, Mr. Curcio objects to including any alias in the verdict form in any caption, heading, or otherwise.

With that exception, Mr. Curcio does not object to the Government's verdict form.

Dated: New York, New York
December 18, 2025

Respectfully submitted,

**Simpson Thacher & Bartlett LLP**

By: */s/ Martin S. Bell*
Martin S. Bell
Meredith Karp
Patrick K. Barry
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
martin.bell@stblaw.com
meredith.karp@stblaw.com
patrick.barry@stblaw.com

*Attorneys for Defendant Anthony Curcio*

## Certificate of Service

I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

By: */s/ Martin S. Bell*
Martin S. Bell
