# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-2542

E-mail Address
martin.bell@stblaw.com

January 9, 2026

<u>BY ECF & EMAIL</u>

Re:  *United States v. Anthony Curcio*, 24 Cr. 312 (RA)

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Dear Judge Abrams:

     I represent Anthony Curcio in the above-captioned matter, trial of which will commence on January 12, 2026. I write to supplement and correct the record on an important point regarding my client's anticipated defense after a review of yesterday's conference with my team alerted me to the fact that I inadvertently misspoke on an important topic relating to the pending motions *in limine*.

     I erred in describing a key aspect of our defense, relaying a point that I myself have misunderstood as we have prepared a case more complicated than the Indictment alone would suggest. I believe it is important to correct that error. Specifically, it is *not* a part of our defense that Mr. Curcio knowingly sold any of the cards relevant to these charges in doctored or altered cardholders ("slabs"), for any purpose. Our position remains that Mr. Curcio never manipulated or changed the grade on, or fabricated or tampered with the holder of, a single card that he sold. The point concerning his intent to expose and/or embarrass PSA was, and is, germane to other activities he undertook that the Government alleges were *part* of the scheme, including (but not limited to) his possession of certain tools conceivably used in making fraudulent cardholders that we anticipate the Government will put into evidence. Those tools were to be used to demonstrate that PSA's famed unique and identifiable system components could, in fact, be mimicked and copied.

     We continue to believe that the evidentiary arguments flow the same way. To the extent that the evidence suggests the existence of an alternate purpose for parts of the alleged fraud conduct—such as his possession of those tools being part of his crusade against PSA—the jury should be able to consider it as evidence of his intent. To the extent other information would suggest that that alternate motivation prevailed over any other potential

consideration—like his preoccupation with the flaws he perceived with PSA—the jury should be allowed to consider that as well.

Again, I apologize to the Court for misspeaking, and to Mr. Curcio for any fallout from the public nature of that misstatement.

I thank the Court.

Respectfully submitted,

Martin S. Bell