

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 13, 2026

**BY ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

>      Re:    *United States v. Anthony Curcio*, 24 Cr. 312 (RA)

Dear Judge Abrams:

The Government respectfully submits this letter following the colloquy in Court today regarding potential evidence sought to be introduced by the defendant pursuant to Federal Rule of Evidence 803(3).  The Government respectfully sets forth below the applicable legal framework, which makes clear the limited scope of evidence properly admissible pursuant to this Rule.  Given this strict framework, the Government anticipates objecting to the defendant's admission of evidence—as yet unidentified—pursuant to the Rule, as any such evidence is almost certainly quintessential hearsay not subject to any exception under the rules of evidence.  In the event the Court admits any evidence under Rule 803(3) over the Government's objection, the Government recommends that the Court, at a minimum, provide the below requested dual intent limiting instruction, consistent with the parties' proposal, on consent, in the requests to charge.

**Applicable Law.**  The rules of hearsay permit the Government to introduce the defendant's statements.  Fed. R. Evid. 801(d).  It is well settled that those rules do not afford the defendant the same latitude to introduce his own statements.  *See, e.g.*, *United States v. Kadir*, 718 F.3d 115, 124 (2d Cir. 2013) ("A defendant may not introduce his own prior out-of-court statements because they are hearsay, and . . . not admissible."  (internal quotation marks omitted)); *United States v. Elmaani*, No. 20 Cr. 661 (CM), 2023 WL 2770742, at *6 (S.D.N.Y. Apr. 4, 2023) ("It is well-established that a defendant does not have a parallel ability to offer his own statement into evidence. W hen the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible.").

Rule 803 provides a limited exception for "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . . ."  Fed. R. Evid. 803(3).  When a defendant seeks to admit his statement under Rule 803(3), courts are clear such statements must be *forward facing*. *See United States v. Harwood*, 998 F.2d 91, 98 (2d Cir. 1993) ("[T]he statement must face forward,

rather than backward" to satisfy Rule 803(3)). In other words, the statement "must relate to the declarant's state of mind during the [illegal conduct]" and not what the declarant "said or did after the [illegal conduct] had taken place." *United States v. Netschi*, 511 F. App'x 58, 61 (2d Cir. 2013). This restriction is necessary to prevent this limited exception from "swallowing the hearsay rule." *United States v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991); *see also Shepard v. United States*, 290 U.S. 96, 106 (1933) ("There would be an end, or nearly that, to the rule against hearsay if the distinction were ignored."); *United States v. Emmert*, 829 F.2d 805, 810 (9th Cir. 1987) ("The state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind." (quoting *United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir. 1980)).

When a defendant instead seeks to offer a "self-serving explanation of past events," such statements are inadmissible under Rule 803(3). *United States v. Blake*, 195 F. Supp. 3d 605, 610-11 (S.D.N.Y. 2016); *see also United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) (excluding defendant's statement claiming that co-defendant placed bag of narcotics in his car as statement of belief to prove fact remembered or believed); *Cardascia*, 951 F.2d at 488 (precluding defendant's letter stating that he disagreed with policies and decisions of bank in extending loans where it was statement of memory or belief to "prove that he had not agreed . . . and therefore lacked requisite criminal intent"); *Blake*, 195 F. Supp. 3d at 610-11 (precluding defendant from introducing her own out-of-court statements to law enforcement officers in which she pointed the finger at co-defendants as reflecting a then-existing state of mind because such statements reflected a "self-serving explanation of past events").

As Judge Raggi explained in a thorough concurring opinion, on top of the relevancy requirements of Rules 401 and 403, to ensure that the statement reflects the declarant's "*then* existing state of mind," Rule 803(3) contains a demanding "contemporaneity" requirement to "reduce a declarant's chance for reflection and, therefore, misrepresentation." *United States v. Farhane*, 634 F.3d 127, 171 (2d Cir. 2011) (Raggi, J., concurring). Courts should focus on whether the statement "reveal[s] the declarant's then existing state of mind with respect to the very conduct in which he was engaged." *Id.* at 172. This latter point is important here: if Curcio's contemporaneous statements to victims about card transactions contained statements regarding his "then-existing state of mind" such as, for example, a statement to a customer that he was selling him or her a card as part of an anticipated future lawsuit against PSA, that would be one thing. But self-serving, disconnected statements of vague grievances against PSA or mere musings that he might sue PSA in the future that do not reflect his state of mind as to the conduct that he was *then* engaged in—for example, a particular card transaction—likely will not pass muster under Rule 803(3). In other words, it may be the case that Curcio truly was contemplating some lawsuit against PSA. But without *anything* connecting that lawsuit to the specific conduct Curcio was engaged in while speaking, namely, misrepresentations made in connection with specific card transactions, the evidence cannot come in under Rule 803(3).

Moreover, where

contemporaneity is in question, depending on whether a state of mind expressed on one occasion is likely to have continued through to another time relevant to the

case, a district court's consideration of the totality of the circumstances properly includes any indications as to whether the proffered statement was made in good or bad faith. Other factors that may also inform the inquiry include, but are not limited to, what the statement itself actually says about the declarant's state of mind and how clearly, the lapse of time between the statement and the conduct for which *mens rea* is at issue in the case, and any intervening life events or statements by the declarant signaling a possible break in mental process or change of mind.

*Id.* at 173. Thus, for any of Curcio's purported statements to satisfy Rule 803(3)'s requirements, they must: (1) be relevant under Rules 401 and 403, (2) satisfy the contemporaneity requirement of Rule 803(3), (3) under the totality of the circumstances, not indicate that the proffered statement was made in bad faith, (4) critically, actually go to the declarant's then existing state of mind *with respect to the very conduct in which he was engaged* (likely not satisfied here), (5) not include a lapse of time between the statement and the conduct for which *mens rea* is at issue in the case, and (6) not include any intervening life events or statements by the declarant signaling a possible break in mental process or change of mind.

Two recent cases are further instructive. In *United States v. Glover*, No. 24 Cr. 370 (VSB) (S.D.N.Y. 2025), the defendant was charged with drug adulteration and misbranding conspiracy. The Government introduced the bottom portion of an email chain, and the defendant sought to introduce an email higher in the chain, sent later in time. In the email that the defendant sought to introduce, he expressed his recollection of a view he previously held regarding certain pharmacy policies. Judge Broderick excluded the higher-in-chain email as backward-looking, because it was being offered for its truth, and because it was not necessary to understand the lower emails in the chain. Trial Tr. at 788:23-789:10 (attached hereto as Exhibit A).

Likewise, in *United States v. Mohamed Tahlil Mohamed and Abdi Yusuf Hassan*, No. 18 Cr. 603 (ARR) (E.D.N.Y. 2022), the defendant was charged with hostage taking, terrorism, and firearms offenses in connection with the kidnapping in Somalia of an American journalist, who was held in captivity for an extended period by pirates. The defendant sought to admit his own out-of-court statements against piracy under Rule 803(3) "for the declarant's then-existing state of mind because they are offered to explain 'Mr. Hassan's intent and motive for speaking with or attempting to speak with pirates' and/or his 'own intent to combat the pirates.'" Dkt. 146 at 7. The Court ruled:

> [T]o adopt these arguments would be to "make an end-run" around the federal hearsay rules: to the extent these statements shed light on what Mr. Hassan intended to do with regard to the pirates who kidnapped Mr. Moore, they do so only if they are offered for the truth of what was asserted—*i.e.*, that Mr. Hassan, as a general matter, spoke out against the pirates and was opposed to them. Mr. Hassan's general statements on and positions against piracy are too broad to be considered "state of mind" and are not statements of intent relevant to this case.

*Id.* at 7-8.

In light of the foregoing, and without more, it is simply not enough for the defendant to observe unremarkably that the proffered statement was made during a date in which the offenses were ongoing and seek admission under Rule 803(3) on that thin basis.

**Proposed Dual Intent Limiting Instruction.**  Alternatively, and at a minimum, if the Court admits any evidence under Rule 803(3) over the Government's objection, the Government recommends that the Court provide the below requested dual intent limiting instruction:

> You have heard statements by the defense suggesting that Mr. Curcio took certain actions because he was motivated by lawful, proper, or neutral purposes.  You may consider those statements only to the extent that you find them relevant as bearing on Mr. Curcio's state of mind at that point in time.  Moreover, I instruct you that a specific intent to defraud need not be the defendant's sole, or even primary purpose.  A defendant may have the required intent to defraud if his intent to commit the crime was any one of his objectives, even if the defendant was also motivated by other lawful, proper, or neutral purposes or reasons.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by:    /s/ _____
David R. Felton
Kingdar Prussien
Cecilia Vogel
Assistant United States Attorneys
(212) 637-2299/-2223/-1084

cc:    All counsel of record (by ECF)