# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-2542

E-mail Address
martin.bell@stblaw.com

January 14, 2026

BY ECF & EMAIL

Re:   *United States v. Anthony Curcio*, 24 Cr. 312 (RA)

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Dear Judge Abrams:

    We represent Anthony Curcio in the above-captioned matter. We write, as the Court respected, regarding immediately foreseeable invocations of Rule 803(3) of the Federal Rules of Evidence in light of and in response to the Government's letter concerning the same topic.

    Even with respect to a defendant's own statements, Rule 803 provides for the admission of what would otherwise be a declarant's hearsay when it is "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . . ." Fed. R. Evid. 803(3). As the Government correctly notes, defendant's statements admitted under Rule 803(3) must be forward facing rather than backward looking. *See United States* v. *Hwa*, 161 F. 4th 127, 142-43. But the Government's summary of Judge Raggi's concurrence in *United States v. Farhane,* 634 F.3d 127, 171 (2d Cir. 2011), is incomplete at best, and appears to be based on a reading of only parts of that opinion. It also erroneously turns Judge Raggi's multifactor list of factors to consider in determining whether a statement ought to be admitted under Rule 803(3) into a list of factors <u>all</u> of which would be required to be present in order for a statement to be admissible under Rule 803(3). The combined effect of these errors leads the Government to essentially turn the contemporaneity requirement into a simultaneity requirement. That is not the law.

    Judge Raggi does point out the contemporaneity requirement embedded within Rule 803(3). See *Farhane,* 634 F.3d at 172. But she goes on to note that, "The law nevertheless recognizes the possibility that an expression of state of mind on one occasion may be relevant to state of mind at a later time where the statement reflects a continuous mental process." *Id*.

Simpson Thacher & Bartlett LLP

The Honorable Ronnie Abrams

-2- January 14, 2026

(internal quotation omitted). "Such continuity extends the 'contemporaneity' of the statement beyond the moment of pronouncement." *Id*. Additionally, "Statements of intent also may reflect a continuing mental process." *Id*. An inference of continuity of mental state over a period of time can made, and the trial court's determinations are given substantial deference. *See United States v. Cardascia,* 951 F.2d 474, 487–88 (2d Cir.1991) ("[w]hether a statement is part of a continuous mental process and therefore admissible under the present state of mind exception" is "a question for the trial court."); *United States* v. *Monteleone*, 257 F.3d 210, 221 (2d Cir. 2001) (applying clear error standard to factual findings underlying trial court's decision to admit statement under Rule 801(d)(2)(E)). Whether such an inference should be made merely depends on whether there are sufficient "indications as to whether the proffered statement was made in good or bad faith." *Farhane,* 634 F.3d at 173.

The Government strains to turn the list of factors Judge Raggi offers that the court can consider in answering this question into a requirement that the statements "must" "actually go to the declarant's then existing state of mind *with respect to the very conduct in which he was engaged.*" Gov. Jan. 14, 2026 Ltr. at 3. This is wrong. Judge Raggi very clearly stated that the factors she listed, and others, merely "may" inform the inquiry. *Farhane,* 634 F.3d at 173.

With that backdrop set, with respect to Mr. Bonderchuk, we proffer the following:

1. We intend to elicit that certain statements were *not* ever communicated from Curcio to Bonderchuk during the time that they worked together selling cards. The *absence* of certain subjects being discussed between supposed co-conspirators is clearly relevant. The absence of statements is also not hearsay.
2. We intend to elicit that, contemporaneous with the period of time between February 2023 to the time of Curcio and Bonderchuk's arrest in May 2024, Curcio made statements regarding his enmity towards PSA (hearsay that nevertheless comes in as proof of motive) and plan and intent to collect enough information to publicly embarrass PSA (hearsay that nevertheless comes in as proof of intent and plan). Applying the above principles, sufficient indicia of the continuity of this motive and plan exist. The record will be replete indicia of the consistency of this motive and plan from November 2022 (in which Curcio emails PSA and threatens to expose them "for the complete fraud that you are"), to involvement with two different directors in trying to bring the problem to light in each of 2022 and 2024, to escalating involvement with a lawyer about suing PSA days before the Indictment in this case was unsealed. If necessary, we can focus on the specific period in which Bonderchuk began selling the cards with him.

We also note that Rule 807's exception accomplishes the same thing with less formal demands. Under the residual exception, it is permissible to allow otherwise inadmissible hearsay into court if it's highly trustworthy, material, more useful than other evidence, and the offering party gives advance notice, acting as a safety net for reliable evidence not covered by standard exceptions (like Rules 803/804) to ensure justice. Fed. R. Evid. 807. The same indicia of reliability above counsel in favor of admission under Rule 807 as well.

The defense does not object to the Government's proposed limiting instruction.

The Honorable Ronnie Abrams -3- January 14, 2026

As always, we thank the Court.

        Respectfully submitted,

        */s/ Martin Bell*
        Martin Bell
        Meredith Karp
        Patrick Barry
        Nicolas Lussier
        Wendy Wu
        Gineen Abuali