# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number

+1-212-455-2542

E-mail Address

martin.bell@stblaw.com

January 18, 2026

<u>BY ECF & EMAIL</u>

        Re:    *United States v. Anthony Curcio*, 24 Cr. 312 (RA)

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Dear Judge Abrams:

       I write on behalf of Defendant Anthony Curcio regarding the limiting instruction on evidence of uncharged conduct discussed during this past Friday's trial session.

       For the reasons articulated in its letter dated January 16, 2026 (Dkt. 86), the defense opposes the introduction of evidence relating to uncharged conduct, including card counterfeiting, in light of the indictment's clear and singular focus on upcoding, *see, e.g.*, Indict. (Dkt. 1) ¶ 16.  To the extent evidence relating to uncharged conduct is admitted over the defense's objection, the defense would ask the Court to admit such evidence subject to the following limiting instruction:

       The Government has presented evidence of alleged acts by the defendant that are not charged in the Indictment.

       In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment*, such as card counterfeiting*. Accordingly, you may not consider this evidence of these *other* acts as a substitute for proof that the defendant committed the crime*s* charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  The evidence of the other acts was admitted for a much more limited purpose, and you may consider it only for that limited purpose*, namely, for the defendant's then-existing state of mind, such as knowledge, motive, intent, or plan, and for no other reason.*

Simpson Thacher & Bartlett LLP

The Honorable Ronnie Abrams

-2-                                                    January 18, 2026

Evidence of uncharged conduct may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that if the defendant committed the other act or acts, he must also have committed the act charged in the Indictment.

This instruction is adapted (with the handful of changes shown above in italics) from an instruction proposed by the Government in *United States v. Serrano*, 16 Cr. 169 (S.D.N.Y). The Government proposed a substantively identical instruction in *United States v. Baez*, 15 Cr. 755 (S.D.N.Y.), as well.  The proposed instructions in *Serrano* and *Baez* are attached as Exhibits 1 and 2, and both were based on a jury charge given in *United States v. Carrero*, 91 Cr. 365 (S.D.N.Y.), and from Sand, *Modern Federal Jury Instructions*, Instr. 5-25.

We thank the Court for its continued and thoughtful attention to this case and will be prepared to discuss this matter further when trial resumes on Tuesday.

Respectfully submitted,

*/s/ Martin S. Bell*

Martin S. Bell
Meredith Karp
Patrick K. Barry
Nicolas Lussier
Wendy Shidi Wu
Gineen K. Abuali