# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number

+1-212-455-2542

E-mail Address

martin.bell@stblaw.com

January 19, 2026

<u>BY ECF & EMAIL</u>

Re:      *United States v. Anthony Curcio*, 24 Cr. 312 (RA)

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Dear Judge Abrams:

I write on behalf of Defendant Anthony Curcio regarding a dispute over the Government's anticipated exhibit GX 4437—an email chain between Mr. Curcio and MySlabs's Matt Greaney running from May 12 to 18, 2022 that was later forwarded to PSA—expected to be introduced during the examination of Mr. Greaney on Tuesday.

The Government intends to introduce a selectively cropped version of GX 4437 showing only the initial exchanges between Mr. Greaney and Mr. Curcio on May 12 and 13, 2022 and has indicated that it will oppose the admission of the full email chain. For the reasons set forth below, Mr. Curcio respectfully requests that he be permitted to introduce the entire correspondence between Mr. Greaney and Mr. Curcio and Mr. Greaney's subsequent forwarding email to PSA.

**<u>Background</u>**

In May 2022, Mr. Curcio sold a 1986 Fleer Michael Jordan card through the online collectible card marketplace MySlabs. This transaction precipitated the criminal investigation into Mr. Curcio and kicked off Mr. Curcio's yearslong feud with PSA that ran until his arrest in 2024.

GX 4437 is an email chain originally between Mr. Greaney and Mr. Curcio running from May 12 to May 18, 2022 that began after a buyer was found through MySlabs for Mr. Curcio's 1986 Fleer Jordan. The email chain shows in real time the discovery and evolving understanding of purported issues with that card's holder, which culminated in Mr. Greaney connecting Mr. Curcio with PSA. It also shows Mr. Curcio's frustration with

The Honorable Ronnie Abrams

-2-                                                                          January 19, 2026

and threats to expose PSA in May 2022—that is, at the very start of the alleged scheme charged in the Indictment. A year later, in May 2023, Mr. Greaney forward his correspondence with Mr. Curcio to PSA.

The email chain in its entirety is attached as **Exhibit 1**.[1]

## GX 4437 Is Admissible in Full Because It Is Not Offered for Hearsay Purposes

As a threshold matter, Mr. Curcio does not offer the complete version of GX 4437 for the truth of the matters asserted therein as to at least two important issues. As such, it is not hearsay.

First, GX 4437 will be used to show that Mr. Curcio was forthcoming with prospective buyers about the purported issues with the 1986 Fleer Jordan's holder. Specifically, GX 4437 shows what information Mr. Curcio received and when he received it regarding issues with that holder. When GX 4437 is compared side-by-side with Mr. Curcio's other contemporaneous correspondence and listing, it shows that Mr. Curcio disclosed the purported issues with the 1986 Fleer Jordan's holder to other prospective buyers in real time. This use of GX 4437 does not rely on the truth of any of the things being told to Mr. Curcio or that Mr. Curcio told to prospective buyers; it simply shows that Mr. Curcio was telling prospective buyers what had been told to him. The Government has relied on just this logic throughout trial to justify the admission of countless exhibits (e.g., instances where Mr. Curcio was told that his card holders were "not authentic").

Second, this email chain is not hearsay because it can be admitted for its effect on its eventual recipient—PSA. In GX 4437, Mr. Curcio rails against PSA. He says that he is "mad," "really mad" in fact; that he has "had enough of the grading industry in general and the unfairness of it all"; and that he will "absolutely turn this into a one hour special on card grading, and PSA doesn't want that." Ex. A at 3. Mr. Greaney subsequently forwards those emails to PSA's Roxanne Ghezzi. *See id.* at 1.[2] PSA thereafter scrutinized Mr. Curcio's prior dealings, including those with Mr. Oleska which had happened more than six months earlier. A reasonable juror could conclude that PSA had reason to retaliate against Mr. Curcio, including by erroneously declaring his card holders inauthentic. *See United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("[A] statement offered to show its effect on the listener is not hearsay.").

---

[1]      The Government originally uploaded the attached full email chain as GX 4473. Later, it indicated by email that it intended to introduce a cropped version including only Mr. Greaney and Mr. Curcio's correspondence on May 12 and 13, 2022.

[2]      For avoidance of doubt, PSA was aware of Mr. Curcio's animus *before* May 2023. Mr. Curcio intends to offer evidence establishing that management-level PSA employees knew about Mr. Curcio's disdain in or around May 2022 or, at the latest, December 2022.

Simpson Thacher & Bartlett LLP

The Honorable Ronnie Abrams

-3-                                                                January 19, 2026

**GX 4437 Is Admissible in Full Under the "Rule of Completeness" (FRE 106)**

GX 4437 should also be admitted in its entirety pursuant to the "rule of completeness." Rule 106 provides that "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. The Rule expressly provides that "The adverse party may do so over a hearsay objection." *Id.*

GX 4437, in its complete form, shows back-and-forth correspondence between Mr. Greaney and Mr. Curcio from May 12 and 18, 2022. That complete back-and-forth shows the arc of the discovery and evolving understanding of purported issues with Mr. Curcio's 1986 Fleer Jordan. This includes Mr. Curcio affirmatively requesting that Mr. Greaney connect him to PSA regarding the purported issues with that card, which prompts the email the Government is poised to introduce as GX 4402 (attached hereto as **Exhibit 2**). The Government would selectively cut all but the first two days of emails, creating an incomplete and misleading impression of what Mr. Curcio knew, when he knew it, and how he reacted to it. GX 4437 should therefore be admitted in its entirety so that the jury has a complete and accurate picture of Mr. Curcio's nascent awareness of purported issues with his 1986 Jordan's holder and real-time reactions to those developments. *See United States v. Phyo Hein Htut*, 2023 WL 4399049, at *8 (S.D.N.Y. July 7, 2023) ("[A]n omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." (internal quotation marks and citations omitted)).

**GX 4437 Is Admissible in Full Because It Falls Within Several Hearsay Exceptions**

The portions of GX 4437 that the Government seeks to excise also fall within hearsay exceptions in Rules 803(2) and 803(3) and are therefore admissible.

Then-Existing Mental and Emotional State Under FRE 803(3). Mr. Curcio's May 14, 15, and 16 emails are admissible under Rule 803(3) as evidence of his then-existing mental or emotional state. Mr. Curcio's email on May 14 shows his plan that "If this card comes up to something other what it's supposed to be, I will be dealing with the ppl who sold it to me" and to "refund the money and planned to send the card off the psa." Ex. A at 6. Mr. Curcio's May 15 email likewise shows his plan to get in touch with PSA through Mr. Greaney: "please do set me up with psa ppl." *Id.* at 4. Mr. Curcio's May 16 email similarly reflects his then-existing emotional state, intent, and motives. He states: "I am just mad. Really mad" and was "very, very frustrated right now." *Id.* at 3. He also clearly articulates a plan to expose PSA through a documentary as well as his motives for it: "I will absolutely turn this into a one-hour special on card grading . . . ."; "it is because I don't trust them." *Id.* He states his intention and plan to refund the buyer, Josh Neblett: "I will make sure Josh is all good. He will get every penny back from paypal." *Id.* These statements are clear evidence of Mr. Curcio's then-existing emotional state, intentions, and motives within Rule 803(3). *See, e.g.*, *United States v. Johnson*, 117 F.4th 28, 47 (2d Cir. 2024) (email was evidence of the degree to which the declarant perceived the messages to be a serious threat). This evidence precedes two years of alleged wrongdoing charged by the Indictment and is consistent with

The Honorable Ronnie Abrams

-4-                                                        January 19, 2026

testimony elicited from alleged co-conspirator Mr. Bondarchuk on direct examination by the Government as well.

Excited Utterance Under FRE 803(2). Mr. Curcio's emails dated May 14, 2022 at 11:31 p.m. and May 16, 2022 at 8:41 p.m. are also admissible as excited utterances under Rule 803(2).

Rule 803(2) excludes from the rule against hearsay "statement[s] relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). The exception "is based on the *psychological impact* of the event itself, and permits the admission of a broader range of hearsay statements—i.e., those that 'relate to' the event." *United States v. Jones*, 299 F.3d 103, 112 n.3 (2d Cir. 2002) (quoting Fed. R. Evid. 803(2)).

Mr. Curcio's May 14 and May 16 emails show him reacting in real time to the panic-inducing news that an asset he believed was worth nearly two hundred thousand dollars was not authentic, seriously diminishing that asset's value and tarnishing his reputation as a seller. Specifically, less than two days after Mr. Greaney congratulated Mr. Curio on his sale of the 1986 Jordan, Mr. Greaney sent Mr. Curcio four successive, urgent emails notifying him that the transaction may have encountered issues and repeatedly urging him to act "ASAP." Ex. A at 7–9. Mr. Curcio responded within a day,[3] clearly under the stress from that news. *See, e.g.*, *id.* at 5. This is a quintessential reflexive, emotional reaction to a stress-inducing situation exempt from the rule against hearsay under Rule 803(2). *See, e.g.*, *United States v. Watson*, 2024 WL 4455773, at *6 (E.D.N.Y. May 31, 2024) (finding that an email made nearly sixteen hours after the startling event was properly admitted because it "surely tax[ed] one's nervous system for a sustained period"); *Johnson*, 117 F.4th at 47 (rejecting argument that email lacked spontaneity or excitement and affirming that the declarant was "still under the stress of the startling event").

                    *                    *                    *

For the reasons set forth above, GX 4437 is not hearsay or is otherwise excepted from the prohibition on hearsay as follows:

---

[3]    It is not clear when Mr. Curcio read the emails from Mr. Greaney, so the actual time between him receiving the startling news and his reaction to it is unknown. However, it is known that that time was less than a day given when Mr. Greaney sent his emails and when Mr. Curcio responded to them. In any event, the Second Circuit has made clear that an excited utterance need not be contemporaneous with the startling event to be admissible. *See United States v. Tocco*, 135 F.3d 116, 127 (2d Cir. 1998) (approving an utterance three hours after the event). Rather, "[t]he length of time between the event and the utterance is only one factor to be taken into account in determining whether the declarant was, within the meaning of Rule 803(2), under the stress of excitement caused by the event or condition." *United States v. Scarpa*, 913 F.2d 993, 1017 (2d Cir. 1990) (internal quotation marks omitted) (approving an utterance five to six hours after the event).

Simpson Thacher & Bartlett LLP

The Honorable Ronnie Abrams

-5-                                          January 19, 2026

- Mr. Curcio's emails dated May 14, 2022 at 11:31 p.m. (ET) and May 16, 2022 at 8:41 p.m. (ET) are not hearsay and are excepted from the prohibition on hearsay under Rules 803(2) and 803(3);

- Mr. Curcio's email dated May 15, 2022 at 3:24 a.m. (ET) is not hearsay and is excepted from the prohibition on hearsay under Rule 803(3);

- Mr. Greaney's emails dated May 14, 15, 16, and 18, 2022 are not hearsay because they are offered for their effect on Mr. Curcio; and

- the complete chain is admissible under Rule 106 (the "rule of completeness") and for its effect on its eventual recipient in PSA.

Mr. Curcio therefore respectfully requests that the Court permit him to introduce the complete version of GX 4437.

Respectfully submitted,

*/s/ Martin S. Bell*

Martin S. Bell
Meredith Karp
Patrick K. Barry
Nicolas Lussier
Wendy Shidi Wu
Gineen K. Abuali