UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANTHONY CURCIO,
a/k/a "Brendan Wooley,"

Defendant.

24 Cr. 312 (RA)

**DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON FORFEITURE OF BOND**

CECILIA VOGEL, pursuant to Title 28, United States Code, Section 1746, hereby declares the following under penalty of perjury:

1. I am an Assistant United States Attorney in the Office of James M. McDonald, United States Attorney for the Southern District of New York, and I am responsible for the above-captioned case. As such, I am fully familiar with the facts and proceedings therein.

2. This declaration is submitted in support of the Government's motion, pursuant to Rule 46(f) of the Federal Rules of Criminal Procedure, for an order and a judgment of default of the $100,000 appearance bond issued in the Southern District of New York for the defendant ANTHONY CURCIO, a/k/a "Brendan Wooley" (the "defendant"), signed by the defendant and co-signed by Emily Curcio, the defendant's ex-wife, and Geri Curcio, the defendant's mother (the "sureties").

3. On May 20, 2024, a grand jury sitting in the Southern District of New York returned an indictment charging the defendant, together with his co-defendant, with wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, and a warrant was issued for his arrest.

4. The defendant was arrested on May 23, 2024, in the Western District of Washington. The defendant was presented the same day in the Western District of Washington pursuant to Federal Rule of Criminal Procedure 5(c)(3).

5. That same day, a bail hearing was conducted in the Western District of Washington. The defendant was released on a bond, which he signed and which advised him that failure to appear in court is a separate crime. A copy of the records of the defendant's Rule 5(c)(3) presentment and the bail disposition provided by the Western District of Washington to the Clerk of Court of the Southern District of New York are filed on the docket. (ECF No. 7).

6. On or about June 7, 2024, the defendant had his initial appearance in the Southern District of New York before the Honorable Ronnie Abrams. The Court ordered the defendant be released on the following conditions: a $100,000 bond signed by two financially responsible co-signers; pretrial supervision as directed; surrender of all travel documents and no new applications for travel documents; travel restricted to the Western District of Washington and the Southern and Eastern Districts of New York, with all points in between for court related purposes only; mental health evaluation and treatment as directed by Pretrial Services; no excessive use of alcohol; refrain from use or unlawful possession of narcotics or other controlled substances, unless prescribed by a licensed medical practitioner; obtain and maintain verifiable employment; do not relocate without prior pretrial approval; no contact with co-defendants, victims, and witnesses unless in the presence of counsel; no possession of a firearm, destructive device or other weapons; and, no dealing in sports trading or Pokémon cards during the pendency of the case. (ECF No. 11). That same day, the defendant signed the bond, which advised him that violating any of the conditions of his release could result in forfeiture of the bond, prosecution, and other consequences, and that failure to appear as required could be prosecuted as a crime. (ECF No. 12).

7. On or about June 21, 2024, Emily Curcio signed the defendant's bond as one of two financially responsible co-signers. A copy of Emily Curcio's signature on the bond is attached in Exhibit A. (*Id.* at 3).

8. On or about June 27, 2024, Geri Curcio signed the defendant's bond as the second of two financially responsible co-signers. A copy of Geri Curcio's signature on the bond is attached in Exhibit A. (*Id.* at 4).

9. During the pendency of the case, the defendant was supervised by Pretrial Services consistent with the terms of the bond issued in the Southern District of New York. The defendant's supervising pretrial officer is in the U.S. Probation and Pretrial Services office for the Western District of Washington, where the defendant resides.

10. On or about January 28, 2026, after approximately two weeks of evidence presented at trial, a jury found the defendant guilty of wire fraud and conspiracy to commit wire fraud. The defendant's release was continued on the existing bail conditions.

11. On or about August 26, 2026, the defendant failed to appear for a court conference as required. According to defense counsel, the defendant was in New York but in the midst of a mental health episode and could not appear. The defendant waived his appearance through counsel.

12. On or about September 17, 2026, Pretrial Services submitted a memo to the Court regarding the defendant's violations of pretrial release, including that the defendant had failed to appear for multiple required urinalysis testing appointments since on or about August 13, 2026, had failed to appear for mental health treatment as required since on or about August 13, 2026, and had failed to respond to multiple requests to call Pretrial Services. The defendant was not present during a home visit by Pretrial Services on or about September 18, 2026.

13. On September 21, 2026, in lieu of a bail review hearing the Court had scheduled in the Southern District of New York for September 22, 2026, the Court ordered the defendant to

appear in person at the U.S. Probation Office in Seattle, Washington, by 4 p.m. PDT on September 21, 2026. The defendant failed to report to the U.S. Probation Office in Seattle, Washington on September 21, 2026, as directed by the Court and Pretrial Services.

14. The defendant has violated his bail conditions and his whereabouts are unknown. Law enforcement agents with the Federal Bureau of Investigation have attempted to locate the defendant, thus far without success.

15. First, the Government respectfully requests that the Court schedule a bail review hearing within one week.

16. Second, the Government respectfully requests that the Court enter the proposed Order of Forfeiture and Judgment, annexed hereto as Exhibit B, to forfeit the $100,000 bond issued in the Southern District of New York. Rule 46(f)(1) of the Federal Rules of Criminal Procedure provides that "[t]he court must declare the bail forfeited if a condition of the bond is breached." Fed. R. Cr. P. 46(f)(1). Additionally, Rule 46(f)(3)(A) provides that, if it does not set aside a bail forfeiture, "the court must, upon the government's motion, enter a default judgment." Fed. R. Cr. P. 46(f)(3)(A). Here, the defendant was released on a $100,000 bond issued in the Southern District of New York, and the defendant signed the bond. The defendant was informed regarding the terms of the bond. The defendant has violated the terms of his bond and absconded from pretrial supervision.

WHEREFORE, it is respectfully requested that the Court both schedule a bail review hearing within one week and enter an Order and a Judgment of Forfeiture on the $100,000 appearance bond for the defendant.

Date: New York, New York
September 22, 2026

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ______________________________
CECILIA VOGEL
Assistant United States Attorney
Tel: (212) 637-1084